**CLD-151**                                                               **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1167
_____

ARTHUR L. HAIRSTON, SR.,
                                                              Appellant

v.

WARDEN WILLIAM A. SCISM
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 10-cv-2356)
District Judge:  Honorable John E. Jones III
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
March 31, 2011

Before:  RENDELL, FUENTES and SMITH, Circuit Judges

(Opinion filed: April 15, 2011    )
_____

OPINION
_____

PER CURIAM

        Arthur Hairston appeals the District Court's order dismissing his petition filed

pursuant to 28 U.S.C. § 2241.  For the reasons below, we will summarily affirm the

District Court's order.

In 2001, Hairston was convicted of conspiracy to distribute cocaine base in the District Court for the Northern District of West Virginia. He was sentenced to 290 months in prison. His conviction and sentence were affirmed on appeal by the United States Court of Appeals for the Fourth Circuit. He then filed two unsuccessful motions pursuant to 28 U.S.C. § 2255 and an unsuccessful petition for audita querela. In 2009, the sentencing court granted Hairston's motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582 and reduced the sentence to 230 months. This reduction was based on Amendment 706 to the sentencing guidelines which lowered the base offense level for cocaine base offenses.

In March 2010, Hairston filed another motion for a reduction of sentence with the sentencing court. He requested that the sentencing court reduce his sentence based on a 1-to-1 crack cocaine/powder cocaine ratio instead of the 100-to-1 ratio used at his sentencing. In September 2010, the sentencing court determined that it had already given Hairston the relief to which he was entitled. It concluded that Congress had not yet decided whether the Fair Sentencing Act of August 2010, which reduced the ratio to 18-to-1, would apply retroactively. It denied the motion without prejudice. The United States Court of Appeals for the Fourth Circuit affirmed. See United States v. Hairston, No. 10-7310, 2011 WL 181225 (4th Cir. Jan. 20, 2011)

In November 2010, Hairston filed the instant § 2241 petition in the United States District Court for the Middle District of Pennsylvania. He again argued that he is entitled

2

to be sentenced based on a 1-to-1 crack-to-powder ratio. The District Court dismissed the petition, and Hairston filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's legal conclusions. Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). Under the explicit terms of § 2255, a § 2241 petition cannot be entertained by a court unless a §2255 motion would be "inadequate or ineffective." Id. In Cradle, we explained that

> [a] § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim. It is the inefficacy of the remedy, not the personal inability to use it, that is determinative. Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.

Id. at 538-39 (citations omitted). We agree with the District Court that Hairston is not entitled to proceed via a § 2241 petition because he has not shown that § 2255 is inadequate or ineffective.

Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4. For essentially the reasons set forth by the District Court, we will summarily affirm the District Court's January 5, 2011, order. See Third Circuit I.O.P. 10.6. Appellant's motion for injunctive relief is denied.

3